**Patrick WHITFORD, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner, Social Security Administration, Defendant—Appellee.**

No. 04–35077.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2005.

Decided May 17, 2005.

James S. Coon, Esq., Royce, Swanson, Thomas & Coon, Portland, OR, for Plaintiff–Appellant.

Craig J. Casey, Esq., Office of the U.S. Attorney, Portland, OR, Terrye E. Shea, Social Security Administration Office of General Counsel, Seattle, WA, for Defendant–Appellee.

Before: GOODWIN, TASHIMA, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Patrick Whitford ("Whitford") appeals the administrative law judge's ("ALJ's") decision to deny Whitford's request for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. He argues that the ALJ committed reversible error by failing to give specific and legitimate reasons for rejecting the opinion of a nurse practitioner. The district court affirmed the ALJ's decision, while acknowledging the possibility of error on the part of the ALJ.

Whitford has back pain due to degenerative disc disease and associated chronic pain and depression. Despite acknowledging these "severe" impairments, the ALJ denied benefits on the ground that Whitford's residual functional capacity allows him to perform a significant range of light work and that there are a significant number of jobs in the national economy that he could perform. The ALJ also found that Whitford's allegations about his impairments were "not totally credible."

■ Whitford argues that the ALJ erred by failing to give specific and legitimate reasons for rejecting the opinions of

a psychiatric nurse practitioner, Teresa Keane ("Keane"), who was seeing him for chronic pain and associated depression. *See, e.g., Holohan v. Massanari,* 246 F.3d 1195, 1202 (9th Cir.2001) (setting out the weight to be given a treating physician's opinion). The ALJ gave no reasons for rejecting Keane's opinion, stating simply that "these opinions ... have all been considered and given appropriate weight in deciding this case." Keane's letter states that Whitford "is unable to remain stationary for extended periods" and that "[w]e do not believe he is capable of performing adequately at a full time job. We believe that such physical exertion would probably exacerbate his pain level." Under the currently applicable regulations, Keane cannot properly be categorized as a treating medical source, even if she is working as part of an interdisciplinary medical team. *Cf. Gomez v. Chater,* 74 F.3d 967, 971 (9th Cir.1996) (relying on former 20 C.F.R. § 416.913(a)(6), which has since been revoked). The district court nevertheless relied upon the standard for handling a treating physician's opinion, finding that "[t]o the extent" the ALJ's treatment of Keane's letter "was error, this court finds that it does not require a remand in the present circumstances."

■ Even if Keane's opinion is properly characterized as a lay opinion, the ALJ should have clearly and specifically articulated the basis for his rejection of Keane's opinion, and his failure to do so was error. *See, e.g., Dodrill v. Shalala,* 12 F.3d 915, 919 (9th Cir.1993). However, the ALJ provided a lengthy and detailed analysis in support of his ultimate conclusion that Whitford can work. While this fact alone does not excuse the failure to properly articulate his reasons for discounting Keane's opinion, it does show that the

---

result would have been the same even if he had done so. Therefore, a remand is not necessary in this case.

AFFIRMED.

---

* The Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.